FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 MAR 25 PM 2:07

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOSEPH BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-102 |
| ) | |
| Warden MORALES, Deputy Warden, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed.[1] The Magistrate Judge determined that Plaintiff lied about his filing history under penalty of perjury. As a result, he recommended that this case be dismissed without prejudice as a sanction for Plaintiff's abuse of the judicial process. (Doc. no. 13.)

In his objections, Plaintiff does not dispute that he provided false information about his filing history, but he states that he did so because he was "unsure" of the details about one

---

[1] After the R&R was issued on January 7, 2013, Plaintiff filed a "Request to Magistrate Judge W. Leon Barfield to Reconsider on his Report and Recommendation" on January 18, 2013 (doc. no. 16), but also requested a motion for extension of time to file objections. The Court thus granted Plaintiff an extension through and including March 6, 2013, to file any additional objections. (Doc. no. 17, p. 2.) Plaintiff timely filed a "Response" to the Magistrate Judge's R&R. (Doc. no. 18.) Thus, the Court construes these two filings (doc. nos. 16, 18) as Plaintiff's objections to the R&R.

The Court notes that Plaintiff, who is proceeding *pro se*, did not sign his second set of objections. Both Fed. R. Civ. P. 11(a) and Loc. R. 11.1 require *pro se* parties to sign all filings, however. Still, because the Court finds that Plaintiff's objections as a whole lack merit in any event, it will not in this instance require him to correct this deficiency.

of his prior lawsuits, so he elected to simply not disclose it at all. (See doc. no. 16, pp. 2-3; doc. no. 18, pp. 4-5.) "Even if he could not recall the details of his prior suits," however, Plaintiff "certainly would have remembered initiating some sort of legal proceedings during his incarceration, and he was obligated to disclose that fact on his form complaint." Dunson v. Georgia Dep't. of Corr. Health Care Servs., CV408-163, 2009 WL 136060, at *2 (S.D. Ga. Jan. 20, 2009). Here, Plaintiff acknowledges that he was fully aware that he had filed at least one other lawsuit when he completed the Southern District of Georgia's § 1983 complaint form, but he did not disclose the existence of that lawsuit. Plaintiff then signed the complaint, including the false information about his filing history, and, by doing so, declared the truth of the contents of the complaint under penalty of perjury. (See doc. no. 11, p. 25.)

In sum, Plaintiff clearly provided false information about his filing history, and the Court cannot tolerate such abuse of the judicial process. See Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998) (emphasizing seriousness of abuse of judicial process that occurs when litigant lies about the existence of a prior lawsuit), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Plaintiff thus provides no reason for departing from the conclusions set forth in the R&R and his objections are **OVERRULED**.[2,3]

---

[2] Plaintiff also appears to argue that his allegations qualify him for the "imminent danger" exception to the provision of 28 U.S.C. § 1915(g) that prohibits prisoners from proceeding *in forma pauperis* ("IFP") in civil actions if they have had three or more cases or appeals dismissed for being frivolous, malicious, or for failing to state a claim. (See doc. no. 18, pp. 1, 3.) Notably, however, the Magistrate Judge did not recommend dismissing Plaintiff's complaint under § 1915(g).

[3] Plaintiff also states in his objections that he mailed a motion to amend his complaint on February 28, 2013, so that he can "correct the defect" of his prior dishonesty. (Doc. no. 18, p. 4.) No such motion to amend has been received for filing by the Court, however. As discussed above, the Magistrate Judge recommended dismissal as a sanction for abuse of the

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process, and this civil action is **CLOSED**.

SO ORDERED this 25th day of March, 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

judicial process. Allowing Plaintiff to amend his complaint to correct his prior dishonesty would thus "circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Brown v. Overstreet, CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008). Accordingly, the Court would not allow Plaintiff to avoid dismissal by amending his complaint even if it had received his motion to amend.